IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

AUSTIN MATHIASEN,

                Petitioner,

      vs.

ROB JEFFREYS,

                Respondent.

**8:25CV297**

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner's "Emergency Motion for Appointment of Counsel and Extension of Opposition Brief Deadline by 30 Days," Filing No. 14, and "Motion for Leave to File Amended Habeas Corpus and Preserve Future Amendments by Appointed Counsel," Filing No. 15. For the reasons that follow, the Court will deny Petitioner's request for appointment of counsel and will grant his requests for an extension and to amend his petition.

### I. REQUEST FOR APPOINTMENT OF COUNSEL

Petitioner renews his request for the appointment of counsel "because petitioner must file a brief in opposition to the motion for summary judgment but petitioner is unable to do so as petitioner does not know the federal pleading rules and how to brief in federal courts." Filing No. 14. As the Court explained in denying Petitioner's previous request for counsel, *see* Filing No. 8 at 2, "there is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is

unusually impaired or an evidentiary hearing is required. *See, e.g.*, *Wiseman v. Wachendorf*, 984 F.3d 649, 655 (8th Cir. 2021); *Morris v. Dormire*, 217 F.3d 556, 558–59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994); *see also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted).

As the Court previously noted, Petitioner's lack of legal training does not distinguish him from the vast majority of pro se inmate litigants. *See Recca v. Omaha Police Dep't*, 859 F. App'x 3, 5 (8th Cir. 2021) ("As a prisoner, Recca understandably faced challenges representing himself, but 'most indigent prisoners will face similar challenges.'") (quoting *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018)). And, though Petitioner asserts that he is unable to file a brief because of his professed ignorance of how to do so, his motion itself suggests that he is capable of adequately presenting any arguments he has in opposition to Respondent's pending summary judgment motion as he references relevant authority related to procedural default, which is the issue raised in Respondent's motion. Indeed, in all of his filings in this Court, Petitioner has demonstrated his ability to present his claims and requests for relief in appropriate, clearly written pleadings. As for Petitioner's lack of knowledge regarding the relevant pleading rules, the Court will refer Petitioner to the Court's local rules, specifically NECivR 7.1 (governing motion practice)[1] and NECivR 56.1 (governing summary judgment

---

[1] In relevant part, NECivR 7.1 provides:

> The party opposing a motion must not file an "answer," "opposition," "objection," or "response," or any similarly titled responsive filing. Rather, the party must file a brief that concisely states the reasons for opposing the motion and cites to supporting authority. The brief must not recite facts unless supported as stated in Nebraska Civil Rule 7.1(b)(2).

NECivR 7.1(b)(1)(A).

procedure),[2] and will direct the Clerk of the Court to provide a copy of the Court's local rules to Petitioner with this Memorandum and Order.

Accordingly, after careful consideration, the Court finds there is no need for the appointment of counsel at this stage in the proceedings and will deny Petitioner's motion seeking appointment of counsel without prejudice to reassertion.

## II. MOTION TO AMEND PETITION AND MOTION FOR EXTENSION

In his motion seeking leave to amend his petition, Petitioner essentially seeks to amend his petition to allege his two layered ineffective assistance of appellate counsel claims as "plain ineffective assistance of trial counsel" claims because his appellate counsel and trial counsel are one and the same. Filing No. 15; *see also* Filing No. 14 (indicating Petitioner was represented at trial and on appeal by the same attorney). Petitioner attached to his motion a three-page amended petition, which essentially restates the two ineffective assistance of appellate counsel claims from his original petition, Filing No. 1, and adds two ineffective assistance of trial counsel claims, identical to the appellate counsel ineffectiveness claims, with supporting argument for all four claims. Filing No. 15 at 2–4.

Rule 15 of the Federal Rules of Civil Procedure governs motions to amend petitions in habeas proceedings. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005) (stating that Rule 15 is "made applicable to habeas proceedings by § 2242, Federal Rule of Civil Procedure 81(a)(2), and Habeas Corpus Rule 11").

---

[2] With respect to opposing a summary judgment motion, NECivR 56.1 states, in part:

> The party opposing a summary judgment motion must file a brief and a separate statement of concise responses to the moving party's statement of material facts. The statement should consist of separate numbered paragraphs corresponding to the numbered paragraphs in the movant's separate statement of facts, and must include pinpoint references to affidavits, pleadings, discovery responses, deposition testimony (by page and line), or other materials upon which the opposing party relies.

NECivR 56.1(b)(1)(A).

> Under the liberal amendment policy of Federal Rule of Civil Procedure 15(a), a district court's denial of leave to amend pleadings is appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving partly [sic], futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated.

*Roberson v. Hayti Police Dep't*, 241 F.3d 992, 995 (8th Cir. 2001) (footnote omitted) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987)).

Here, the Court finds that Petitioner does not seek to amend his petition in bad faith nor will Respondent be unfairly prejudiced if amendment is permitted as the proposed amendments, essentially, merely clarify Petitioner's previously asserted claims. Thus, the Court will grant Petitioner's motion to amend his petition and will consider the proposed amended petition attached to the motion as supplemental to the original petition. *See* NECivR 15.1(b). However, to the extent Petitioner seeks to preserve future amendments if counsel is appointed at a later time, such request is denied without prejudice as premature given the Court's denial of Petitioner's request for appointment of counsel. If counsel should be appointed at some future date, then Petitioner may seek to amend his petition through counsel by filing an appropriate motion.

In light of the amendment of the petition via supplement, the Court will first give Respondent an opportunity to respond to the amended petition and amend and/or supplement his motion for summary judgment and the supporting materials (i.e. the designation of state court records, the statement of undisputed material facts, and supporting brief) as set forth below. After Respondent files his response to the amended petition, Petitioner then will be required to submit a brief in opposition to Respondent's summary judgment motion in accordance with the progression

order set forth below. As such, Petitioner's motion seeking a 30-day extension of his deadline to file a brief in opposition to Respondent's summary judgment motion, Filing No. 14, is granted to the extent Petitioner's brief deadline is extended to 30 days after Respondent files his response to the amended petition as specified below.

IT IS THEREFORE ORDERED that:

1.    Petitioner's motion for appointment of counsel, as included in Filing No. 14, is denied without prejudice to reassertion.

2.    Petitioner's motion for extension of time, as included in Filing No. 14, is granted consistent with this Memorandum and Order.

3.    Petitioner's motion for leave to amend his habeas petition, Filing No. 15, is granted to the extent that the Court will consider the amended petition attached to the motion, Filing No. 15 at 2–4, as supplemental to the original petition, Filing No. 1. The motion is denied without prejudice to the extent Petitioner requests any other relief.

4.    The Clerk of the Court is directed to update the docket text for Filing No. 15 to reflect that pages 2-4 of Filing No. 15 are Petitioner's supplemental habeas petition.

5.    In light of Petitioner's amended habeas petition, this case shall progress in accordance with the procedures outlined in the Court's May 5, 2025, progression order, Filing No. 8, as follows:

>    A.    Respondent shall have until **September 26, 2025**, to respond to the amended petition and amend and/or supplement his motion for summary judgment and the designation of state court records, the statement of undisputed material facts, and his supporting brief if necessary.

B.  No later than 30 days after Respondent files his response to the amended petition, Petitioner must file and serve a brief in opposition to the motion for summary judgment. Petitioner may not submit other documents unless directed to do so by the Court.

C.  No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the Court by filing a notice stating that he will not file a reply brief and that the motion is therefore fully submitted for decision.

6.  The Clerk of Court is directed to set a pro se case management deadline using the following text: **September 26, 2025**: deadline for Respondent's response to amended petition.

7.  The Clerk of Court is directed to send to Petitioner a copy of the Court's local civil rules.

Dated this 27th day of August, 2025.

BY THE COURT:

John M. Gerrard
Senior United States District Judge