IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

AUSTIN MATHIASEN,

Petitioner,

vs.

ROB JEFFREYS,

Respondent.

8:25CV297

MEMORANDUM AND ORDER

This matter is before the Court on Respondent's motion for summary judgment. Filing No. 10. Respondent filed the designation of state court records, Filing No. 11, a statement of undisputed material facts, Filing No. 12, and a brief in support, Filing No. 13. The Court permitted Petitioner Austin Mathiasen ("Petitioner") to supplement his petition, *see* Filing No. 15, and directed Respondent to respond to the amended petition by supplementing his summary judgment motion. Filing No. 16. Respondent filed a supplemental designation of state court records, Filing No. 17, and supplemental brief, Filing No. 18, on September 26, 2025. Petitioner filed what the Court construed as his brief in opposition on October 23, 2025, Filing No. 19; *see also* Filing No. 20, and Respondent filed his reply brief, Filing No. 21, on November 24, 2025. Thereafter on December 15, 2025, Petitioner filed a reply brief, Filing No. 25, a motion for evidentiary hearing and for appointment of counsel, Filing No. 26, and an affidavit, Filing No. 27. This matter is fully ripe for disposition. For the reasons explained below, the Court will deny Respondent's summary judgment motion and Petitioner's motion for evidentiary hearing and appointment of counsel and will progress this matter accordingly.

## I. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).[1] The moving party bears the initial responsibility of informing the court of the basis for the motion and must identify those portions of the record which the moving party believes show the lack of a genuine issue of material fact. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). If the moving party does so, the burden then shifts to the nonmoving party, who "may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

---

[1]     Rule 56 of the Federal Rules of Civil Procedure applies to habeas proceedings pursuant to Rule 12 of the *Rules Governing Section 2254 Cases in the United States District Courts* ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules.") and Fed. R. Civ. P. 81(a)(4) ("These rules apply to proceedings for habeas corpus and for quo warranto to the extent that the practice in those proceedings: (A) is not specified in a federal statute, the Rules Governing Section 2254 Cases, or the Rules Governing Section 2255 Cases; and (B) has previously conformed to the practice in civil actions."). However, "summary judgment principles apply on federal habeas only to the extent they do not conflict with habeas rules." Brian R. Means, Federal Habeas Manual § 8:36.

Fed. R. Civ. P. 56(c)(1). If the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, summary judgment should be granted. *Smith-Bunge v. Wisconsin Cent., Ltd.,* 946 F.3d 420, 424 (8th Cir. 2019).

## II. UNDISPUTED MATERIAL FACTS

The following facts are largely taken from Respondent's statement of undisputed material facts, Filing No. 12, which Petitioner does not dispute, *see* Filing No. 19; Filing No. 25. The Court deems these facts admitted for purposes of deciding the summary judgment motion. *See* NECivR 56.1(b)(1)(B) ("Properly referenced material facts in the movant's statement are considered admitted unless controverted in the opposing party's response." (emphasis omitted)).

On September 6, 2022, in the District Court of Douglas County, Nebraska, a jury found Petitioner guilty of first-degree sexual assault. Filing No. 11-1. The state district court sentenced Petitioner to 40 to 45 years of imprisonment on November 7, 2022. Filing No. 11-2.

Petitioner, still represented by trial counsel, filed a direct appeal, Filing No. 11-3, and on February 27, 2024, the Nebraska Court of Appeals affirmed the judgment of the district court, Filing No. 11-4; *see also State v. Mathiasen,* No. A-22-913, 2024 WL 790953 (Neb. Ct. App. Feb. 27, 2024). Petitioner did not file a petition for further review. Filing No. 11-3 at 4.

On October 10, 2024, Petitioner filed in the state district court a pro se motion for postconviction relief. Filing No. 11-5. In this motion, Petitioner claimed that trial counsel was ineffective for advising him to waive the recusal of the trial judge. *Id*. On November 8, 2024, the state district court denied relief. Filing No. 11-6.

3

On December 30, 2024, Petitioner filed a notice of appeal. Filing No. 11-7. The Nebraska Court of Appeals dismissed the appeal for lack of jurisdiction on February 24, 2025, due to the untimely notice of appeal. Id. at 3.

On March 7, 2025, Petitioner filed in the state district court a second motion for postconviction relief. Filing No. 11-8. In this motion, Petitioner claimed that appellate counsel was ineffective for not raising trial counsel's ineffectiveness in advising him to waive the recusal of the trial judge and that appellate counsel was ineffective for not raising trial counsel's ineffectiveness in not advising him to take an offered plea deal. Id. On March 24, 2025, the state district court denied relief. Filing No. 11-9.

On April 7, 2025, Petitioner filed a notice of appeal. Filing No. 11-10. On September 12, 2025, the Nebraska Court of Appeals summarily affirmed the state district court's March 24, 2025, order denying Petitioner's second motion for postconviction relief. Filing No. 17-4.

On April 21, 2025, while his second postconviction appeal was pending, Petitioner filed his petition for a writ of habeas corpus in this Court. Filing No. 1.

### III. ANALYSIS

Respondent submits that Petitioner's habeas petition must be dismissed because his habeas claims—that trial counsel was ineffective (1) in not advising Petitioner to accept a plea offer and (2) advising Petitioner to waive the trial judge's recusal and that appellate counsel was ineffective for failing to raise these same claims of trial counsel's ineffectiveness, *see* Filing No. 8; Filing No. 16—are procedurally defaulted. Liberally construed, Petitioner argues that any procedural default of his ineffective assistance of trial counsel claims should be excused due to his lack of counsel during his initial collateral review and based on his actual innocence. Upon review, the Court agrees Petitioner's claims are procedurally defaulted, but the undisputed facts do not

establish, as a matter of law, that Petitioner cannot excuse the default of his claims.

## A. Applicable Legal Standards

As set forth in 28 U.S.C. § 2254:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B)(i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

The United States Supreme Court has explained the habeas exhaustion requirement as follows:

Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

*O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999). In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented to the trial court, and then in an appeal to either the Nebraska Supreme Court directly or to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner. *See Akins v. Kenney,* 410 F.3d 451, 454-55 (8th Cir. 2005).

Where "no state court remedy is available for the unexhausted claim— that is, if resort to the state courts would be futile—then the exhaustion

requirement in § 2254(b) is satisfied, but the failure to exhaust 'provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default.'" *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005) (quoting *Gray v. Netherland*, 518 U.S. 152, 162 (1996)). Stated another way, if a claim has not been presented to the Nebraska appellate courts, including in a petition for further review to the Nebraska Supreme Court, and the claim is now barred from presentation, the claim is procedurally defaulted, not unexhausted. *Akins*, 410 F.3d at 456 n.1.

"The Nebraska Postconviction Act, Neb. Rev. Stat. § 29-3001 et seq. (Reissue [2016 & Supp. 2024]), is available to a defendant to show that his or her conviction was obtained in violation of his or her constitutional rights," however "the need for finality in the criminal process requires that a defendant bring all claims for relief at the first opportunity." *State v. Sims*, 761 N.W.2d 527, 533 (Neb. 2009). "[A]n appellate court will not entertain a successive motion for postconviction relief unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time the movant filed the prior motion." *Id*. Furthermore, in 2011, the Nebraska Legislature created a one–year time limit for filing a verified motion for postconviction relief. *See* Neb. Rev. Stat. § 29–3001(4); *State v. Smith*, 834 N.W.2d 799, 801 (Neb. 2013).

## B. Petitioner's Claims

Applying the foregoing principles here, it is apparent that Petitioner's habeas claims are procedurally defaulted.

As an initial matter, Petitioner asserts both layered ineffective assistance of appellate counsel claims and ineffective assistance of trial counsel claims. Petitioner was represented by the same counsel on direct appeal as represented him in the trial court so, regardless of how Petitioner frames his

claims, his first opportunity to raise any ineffective assistance of counsel claims was in his first motion for postconviction relief. *State v. Henderson,* 920 N.W.2d 246, 255 (Neb. 2018) ("When, as here, a defendant was represented both at trial and on direct appeal by the same counsel, the defendant's first opportunity to assert ineffective assistance of counsel is in a motion for postconviction relief.").

In his first postconviction motion, Petitioner raised trial counsel's ineffectiveness for advising Petitioner to waive the trial judge's recusal, but he failed to file a timely appeal of the district court's order denying that claim. Consequently, this claim is procedurally defaulted as Petitioner failed to present the claim through one complete round of Nebraska's appellate review process.

Petitioner did not assert in his first postconviction motion that trial counsel was ineffective in failing to advise Petitioner to accept a plea offer, even though this claim would have been available to him at the time he filed the motion. As a result, he is procedurally barred from raising this claim in a second postconviction motion, just as the Nebraska Court of Appeals concluded. *See* Filing No. 17-4 (citing *State v. Lotter,* 976 N.W.2d 721 (Neb. 2022) (all available grounds for postconviction relief must be stated in initial postconviction motion and, once that motion has been judicially determined, any subsequent postconviction motion regarding same conviction and sentence may be dismissed by district court unless motion affirmatively shows on its face that basis relied upon for relief was not available at time of filing prior motion)). The claim is, thus, procedurally defaulted.

## C. Cause and Prejudice

While there is no dispute that Petitioner's habeas claims are procedurally defaulted, the Court's analysis does not end there as procedural default "does not necessarily imply that a federal habeas court must deny the

claim without reviewing the underlying constitutional issues." *Shockley v. Crews*, 696 F. Supp. 3d 589, 683 (E.D. Mo. 2023). Rather, "a petitioner is entitled to an opportunity to excuse the default," *Lotter v. Houston*, 771 F. Supp. 2d 1074, 1096 (D. Neb. 2011) (citing *Akins*, 410 F.3d at 455–456 n. 1), by demonstrating cause for the default and actual prejudice, *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Shinn v. Ramirez*, 596 U.S. 366, 379 (2022) ("When a claim is procedurally defaulted, a federal court can forgive the default and adjudicate the claim if the prisoner provides an adequate excuse.").

Here, Petitioner argues that his lack of counsel during his initial postconviction motion excuses any procedural bar of his ineffective assistance of counsel claims under *Martinez v. Ryan*, 566 U.S. 1 (2012), and *Trevino v. Thaler*, 569 U.S. 413 (2013). Filing No. 19; *see also* Filing No. 14. In *Martinez*, the Supreme Court held that:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

566 U.S. at 17. The Supreme Court elaborated on and expanded this cause exception in *Trevino*. There, the Supreme Court held that *Martinez* is applicable not only in circumstances where a state requires a defendant to raise a claim of ineffective assistance of trial counsel in a state collateral proceeding, but also when a state maintains a procedural regime that amounts to such a requirement (i.e., when it is "virtually impossible" for an ineffective assistance claim to be raised on direct review). *Trevino*, 569 U.S. at 417.

This Court has consistently questioned whether *Martinez* and *Trevino* apply to Nebraska defendants because Nebraska's procedures require that

ineffective assistance of trial counsel claims be raised on direct appeal when appellate counsel is different than trial counsel. *See Custer v. Frakes*, No. 8:18CV224, 2020 WL 4569206, *11 n.5 (D. Neb. Aug. 7, 2020); *Henderson v. Frakes*, No. 4:19CV3022, 2020 WL 3639701, *13 n.5 (D. Neb. July 6, 2020); *Kidder v. Frakes*, 400 F. Supp. 3d 809, 818 n.4 (D. Neb. 2019); *Freemont v. Frakes*, No. 8:18CV200, 2019 WL 1792305, at *10 n.5 (D. Neb. Apr. 24, 2019); *Mason v. Boyd*, No. 4:18CV3139, 2019 WL 692943, at *3 n.2 (D. Neb. Feb. 19, 2019); *see also State v. Filholm*, 848 N.W.2d 571, 576 (Neb. 2014) ("When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record. Otherwise, the issue will be procedurally barred."). However, when a defendant had the same counsel at trial and on direct appeal, like Petitioner did, the first opportunity to raise ineffective assistance of counsel claims is in a motion for postconviction relief. *Henderson*, 920 N.W.2d at 255. Thus, the applicability of *Martinez-Trevino* is, at least, debatable. The Court, though, is not inclined to decide the question under the present circumstances where Respondent has not addressed the issue in his briefing and where the available state court records are limited to those relevant to Respondent's summary judgment motion and the Court does not have the benefit of the entire record presented to the state courts.

Assuming, without deciding, that *Martinez* applies to federal habeas corpus cases arising from Nebraska convictions, the holding in *Martinez* cannot excuse the procedural default of Petitioner's claim that trial counsel was ineffective in advising Petitioner to waive the trial judge's recusal. In *Martinez*, the Court reasoned that a federal habeas court should "hear a claim of ineffective assistance of trial counsel when an attorney's errors (or the

9

absence of an attorney) caused a procedural default *in an initial-review collateral proceeding . . . .*" *Martinez*, 566 U.S. at 14 (emphasis added). Here, the default of Petitioner's ineffective assistance claim regarding the trial judge's recusal did not occur because he failed to raise the claim in the initial review collateral proceeding (i.e., in his first postconviction motion), but rather when he failed to perfect a timely appeal of the state district court's order denying the claim. *See Freemont*, 2019 WL 1792305, at \*10 (citing *Williams v. Kenney*, No. 4:13CV3170, 2014 WL 5107145, at \*6 (D. Neb. Oct. 10, 2014); *Mumin v. Frakes*, No. 4:16CV3033, 2017 WL 1131888, at \*10 (D. Neb. Mar. 24, 2017) (the default of the petitioner's "ineffective assistance of trial counsel claims occurred, not on initial review (i.e.[,] in his postconviction motion), but when he failed to properly raise them in his postconviction appeal to the state appellate courts")). Petitioner's claim that trial counsel was ineffective in advising him to waive the trial judge's recusal was considered and rejected by the state district court, thus alleviating the Supreme Court's concern in *Martinez* that "no state court at any level will hear the prisoner's claim." 566 U.S. at 10. Accordingly, based on the undisputed facts, Petitioner has failed to show cause to excuse the procedural default of his trial judge recusal ineffective assistance claim pursuant to *Martinez*. *See Arnold v. Dormire*, 675 F.3d 1082, 1086–88 (8th Cir. 2012) (concluding *Martinez* does not apply where ineffective assistance of trial counsel claims were litigated in an initial-review collateral proceeding, but not preserved on appeal).

In contrast, Petitioner's claim that trial counsel was ineffective in not advising Petitioner to accept a plea offer would fall within the purview of *Martinez*. The Eighth Circuit established in *Marcyniuk v. Payne*, 39 F.4th 988, 996 (8th Cir. 2022), the following considerations when determining whether to excuse procedural default under *Martinez*:

> (1) the claim of ineffective assistance of trial counsel was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; and (3) the state collateral review proceeding was the "initial" review proceeding with respect to the "ineffective-assistance-of-trial-counsel claim."

*Id.* (internal quotation and citation omitted). Here, based on the record, the second and third requirements are met as Petitioner did not have counsel during his first postconviction motion, *see* Filing No. 11-5 (Petitioner's pro se postconviction motion included request for appointment of counsel), and his first postconviction motion was the initial review proceeding with respect to his plea offer ineffective assistance of trial counsel claim.

As to the first requirement, the Eighth Circuit has explained that "'[a] substantial claim is one with some merit,' and '*Martinez's* some-merit requirement means that whether [the claimant's] trial counsel was ineffective . . . must at least be debatable among jurists of reason.'" *Marcyniuk,* 39 F.4th at 996 (quoting *Dorsey v. Vandergriff,* 30 F.4th 752, 756 (8th Cir. 2022)) (internal quotation marks omitted). Specifically, Petitioner "must show that it is at least debatable among jurists of reason whether his trial counsel's performance was deficient and whether this deficient performance prejudiced him." *Id.* (citing *Dorsey,* 30 F.4th at 757; *Strickland v. Washington,* 466 U.S. 668, 687 (1984)).

Petitioner alleges in his habeas petition that the State offered to reduce Petitioner's charge of first degree sexual assault, which is punishable by 1 to 50 years' imprisonment, to attempted first degree sexual assault, which is punishable by 0 to 20 years' imprisonment, and, "[g]iven the strength of evidence against [Petitioner,] it was unreasonable of trial counsel to not advise [Petitioner] to take the plea offer." Filing No. 1 at 5; *see also* Filing No. 15 at 3–4. Petitioner asserts counsel was deficient in failing to advise him to accept

11

the plea offer because counsel failed to properly explain the weight of the evidence against Petitioner, including "DNA evidence, a credible victim, and other credible witnesses providing corroboration," and because Petitioner's previous sexual assault conviction "would likely result in a harsher minimum sentence" if Petitioner was convicted at trial. Filing No. 15 at 3–4. Petitioner further alleges he was prejudiced because, but for counsel's deficient performance, he would have accepted the plea offer and the State and the trial court also would have accepted Petitioner's plea, thereby resulting in a less severe judgment and sentence than the one Petitioner received as a result of his conviction at trial. *Id.* at 4.

In support of his position, Petitioner cites to the Supreme Court's decision in *Lafler v. Cooper*, 566 U.S. 156 (2012). There, the Court held:

> If a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it. If that right is denied, prejudice can be shown if loss of the plea opportunity led to a trial resulting in a conviction on more serious charges or the imposition of a more severe sentence.

*Id.* at 168. Applying *Lafler* here, Petitioner's allegations in his verified habeas petition create a genuine factual dispute as to whether Petitioner's plea offer ineffective assistance claim is a substantial claim such that the claim's procedural default may be excused under *Martinez*.

Accordingly, on the record presented, this Court finds there is a genuine issue of material fact as to whether Petitioner can demonstrate cause and prejudice to excuse the procedural default of his plea offer ineffective assistance claim, which precludes summary judgment on this claim. To be clear, the Court's ruling is limited to a finding that genuine issues of fact remain that preclude summary judgment, and the Court makes no determination whether Petitioner's procedural default is excused.

## D. Actual Innocence

Petitioner also argues that the procedural default of both his ineffective assistance claims should be excused through his "gateway" claim of actual innocence. Filing No. 19. "A credible showing of actual innocence may allow a prisoner to pursue his constitutional claims . . . on the merits notwithstanding the existence of a procedural bar to relief." *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013); *see also Coleman*, 501 U.S. at 749–50 (federal habeas review of procedurally defaulted claims is barred unless a petitioner can "demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice"). "To obtain review of an otherwise procedurally barred claim, a petitioner must satisfy a two-part test: (1) the 'allegations of constitutional error must be supported with new reliable evidence not available at trial'; and (2) 'it is more likely than not that no reasonable juror would have convicted him in light of the new evidence.'" *Nash v. Russell*, 807 F.3d 892, 899 (8th Cir. 2015) (quoting *Amrine v. Bowersox*, 238 F.3d 1023, 1029 (8th Cir. 2001)).

Here, Petitioner asserts in his brief in opposition that he is actually innocent and alleges that, on September 25, 2025, the victim from his state criminal case confessed to an individual named Adrian Macklemore "that she lied about everything[,] . . . . that no sexual assault occurred, and that she was motivated to lie about the sexual assault because [Petitioner] refused to date her as he stopped speaking to her after the consensual sexual encounter." Filing No. 19. Petitioner also offered his own affidavit attesting that both Adrian Macklemore and the victim would testify to those facts as he alleges. Filing No. 27.

While Petitioner's evidence is certainly new, its reliability is suspect as it consists only of a hearsay statement about the victim's alleged recantation from an individual with no known relationship to Petitioner, the victim, or this case. *See Herrera v. Collins*, 506 U.S. 390, 417 (1993) (noting in an actual-

innocence context that "Petitioner's affidavits are particularly suspect in this regard because . . . they consist of hearsay."); *Dobbert v. Wainwright*, 468 U.S. 1231, 1233 (1984) (Brennan, J., dissenting from denial of certiorari) (Generally, "[r]ecantation testimony is properly viewed with great suspicion."). However, in assessing an actual innocence gateway claim, the Court's analysis is not limited to the newly presented evidence: "the habeas court must consider all the evidence, old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial." *House v. Bell*, 547 U.S. 518, 537–38 (2006) (internal quotation marks and citation omitted). As noted above, the Court does not have before it the entire state court record, including the transcripts from Petitioner's direct and postconviction appeals, as Respondent only filed the records relevant to his summary judgment motion in accordance with the Court's progression order, *see* Filing No. 8. Thus, the Court cannot properly assess Petitioner's actual innocence gateway claim on the available record.

In light of the lack of a complete record, the Court cannot determine whether genuine issues of material fact exist regarding Petitioner's actual innocence gateway claim or whether Respondent is entitled to judgment as a matter of law. The Court, therefore, will deny summary judgment as to both of Petitioner's ineffective assistance of counsel claims so that the record may be fully developed to allow proper consideration of Petitioner's gateway innocence claim.

**E. Motion for Evidentiary Hearing and Appointment of Counsel**

Lastly, Petitioner requests an evidentiary hearing on his gateway actual innocence claim, as well as his habeas claims. Petitioner also seeks unspecified discovery due to "the need for further investigation" of his actual innocence claim and the appointment of counsel "to track down witnesses to adduce affidavits and testimony." Filing No. 26. Upon consideration and for the

reasons that follow, the Court will deny Petitioner's requests without prejudice to reassertion.

### i. Request for Discovery

Regarding Petitioner's request for discovery, "[a] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of course." *Williams v. Steele*, 2013 WL 5838727, at *2 (E.D. Mo. Oct. 30, 2013) (citing *Bracy v. Gramley*, 520 U.S. 899, 904 (1997)). Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts* provides that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." Here, Petitioner argues that because "the facts of petitioner's actual innocence claims are being contested by the respondent[,] . . . the need for further investigation establishe[s] good cause for discovery." Filing No. 26. However, Petitioner does not identify what information or evidence he seeks to discover. *See* Rule 6 of the Rules Governing Section 2254 Cases ("The request must also include any proposed interrogatories and requests for admission, and must specify any requested documents."). Moreover, the evidence supporting Petitioner's actual innocence claim is known to Petitioner as it consists of the victim's alleged recantation and the testimony of the individual to whom the victim confessed. As such, the Court finds Petitioner has not satisfied the requirements of Rule 6 and will deny his request for discovery without prejudice to reassertion.

### ii. Request for Evidentiary Hearing

Petitioner next seeks an evidentiary hearing on his actual innocence claim and his habeas claims. The Court's "'confidence in the outcome of [the petitioner's] state trial' must be 'undermined' before he is entitled to a hearing 'for the purpose of developing the evidence needed to pass his procedurally defaulted habeas claims through the actual innocence gateway.'" *Sibley v.*

*Culliver,* 377 F.3d 1196, 1206 (11th Cir. 2004) (quoting *Davis v. Gammon,* 27 Fed.Appx. 715, 717 (8th Cir.2001)). "In deciding whether an evidentiary hearing is warranted, the district court must assess the probative force of the newly presented evidence in connection with the evidence of guilt adduced at trial." Brian R. Means, Federal Habeas Manual § 9B:79. Again, because the Court lacks the entire state court record, the Court cannot properly assess Petitioner's new evidence of actual innocence in light of the evidence presented at trial. Moreover, because the question of whether Petitioner's habeas claims are procedurally defaulted without excuse cannot yet be resolved, an evidentiary hearing on the merits of Petitioner's habeas claims is clearly not warranted. Accordingly, the Court will deny Petitioner's motion for evidentiary hearing without prejudice as premature.

The Court notes that, notwithstanding the lack of the entire state court record, Petitioner would not be entitled to an evidentiary hearing on his actual innocence claim on the present record. "When a claim of actual innocence is raised to prevent a procedural default, petitioner must 'show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Oswald v. Gammon,* 51 F.3d 277, 1995 WL 133543, *1 (8th Cir. 1995) (unpublished table decision) (quoting *Schlup v. Delo,* 513 U.S. 298, 327 (1995)). Petitioner "must make a threshold showing of actual innocence to warrant a hearing," and, in assessing that showing, the Court considers the timing of Petitioner's submission and the "likely credibility of the affiants." *Id.* (internal quotation marks omitted) (quoting *Schlup,* 513 U.S. at 332). The Court does not consider Petitioner's own affidavit sufficient to satisfy the threshold showing necessary to warrant an evidentiary hearing. Petitioner does not identify who Adrian Macklemore is or indicate why he or she cannot provide his or her own affidavit regarding the victim's alleged recantation. If

16

Petitioner seeks an evidentiary hearing in the future, he bears the responsibility for presenting evidence of his actual innocence to this Court to warrant a hearing, but his own unsubstantiated affidavit is not sufficient. *See Weeks v. Bowersox*, 119 F.3d 1342, 1355 (8th Cir. 1997) (finding petitioner not entitled to hearing to develop evidence needed to proceed through actual innocence gateway where petitioner failed to produce evidence of actual innocence beyond his own unsubstantiated affidavit).

### iii. Request for Counsel

Petitioner also requests the appointment of counsel, as the Court understands it, to assist him in gathering evidence to support his gateway actual innocence claim. "[T]here is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *McCall v. Benson,* 114 F.3d 754, 756 (8th Cir. 1997). As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g.*, *Wiseman v. Wachendorf*, 984 F.3d 649, 655 (8th Cir. 2021); *Morris v. Dormire,* 217 F.3d 556, 558–59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). *See also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted).

After careful review of the record, the Court finds there is no need for the appointment of counsel at this time. Petitioner learned of the victim's alleged recantation soon after it occurred without the assistance of counsel and he has presented no reason why he would be hindered in obtaining additional evidence, such as an affidavit from Adrian Macklemore, in support of his actual innocence claim. Petitioner has also adequately presented and argued his claims up to this point in the proceedings, his filings are clearly written, and

he has cited relevant legal authority. As an evidentiary hearing is not yet warranted, the Court declines to appoint counsel at this stage of the proceedings. The Court is, however, aware that this situation may change as litigation progresses. As the Eighth Circuit Court of Appeals instructs, the Court will "continue to be alert to the possibility that, because of procedural complexities or other reasons, later developments in the case may show either that counsel should be appointed, or that strict procedural requirements should, in fairness, be relaxed to some degree." *Williams v. Carter*, 10 F.3d 563, 567 (8th Cir. 1993).

## IV. CONCLUSION

The undisputed material facts establish that Petitioner's ineffective assistance of counsel habeas claims are procedurally defaulted. However, the Court cannot determine as a matter of law that Petitioner's habeas claims are procedurally defaulted without excuse. Specifically, genuine issues of material fact exist regarding whether Petitioner can demonstrate cause and prejudice to excuse the procedural default of his plea offer ineffective assistance claim under *Martinez-Trevino*, and the lack of the complete state court record prevents the Court from concluding, as a matter of law, that it is more likely than not that no reasonable juror would have convicted Petitioner in light of his proffered new evidence. Accordingly, the Court will deny Respondent's summary judgment motion and require Respondent to file the complete state court record and respond to the petition in order to progress this matter to final resolution. Petitioner's motion seeking discovery, an evidentiary hearing, and appointment of counsel is denied without prejudice.

IT IS THEREFORE ORDERED that:

1.      Respondent's motion for summary judgment, Filing No. 10, is denied.

18

2.    Petitioner's motion for evidentiary hearing and appointment of counsel, Filing No. 26, is denied without prejudice.

3.    In accordance with the Court's prior progression order, Filing No. 8,

A.    By **May 11, 2026**, Respondent must file all state court records that are relevant to the cognizable claims. *See, e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Answer."

B.    No later than 30 days after the relevant state court records are filed, Respondent must file an answer. The answer must be accompanied by a separate brief, submitted at the time the answer is filed. Both the answer and the brief must address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review and summary judgment, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See, e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

C.    Copies of the answer, the designation, and Respondent's brief must be served on Petitioner at the time they are filed with the Court *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the

19

designated record that are cited in Respondent's answer and brief. In the event that the designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the Court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D.    No later than 30 days after Respondent's brief is filed, Petitioner must file and serve a brief in response. Petitioner may also present evidence in support of his actual innocence claim, including affidavit evidence.

E.    No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the Court by filing a notice stating that he will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

4.    The Clerk of the Court is directed to set the following pro se case management deadlines in this case using the following text:

A.    **May 11, 2026**: deadline for Respondent to file state court records in support of answer

B.    **June 10, 2026**: check for Respondent's answer and separate brief.

20

Dated this 26th day of March, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge

21